MARY ANN ALBRO *vs.* THE AGAWAM CANAL COMPANY.

The proprietors of a manufacturing establishment are not responsible to an operative in their employment, for an injury sustained by her, in consequence of an accident occasioned by gross negligence and want of skill on the part of their superintendent; both the operative and the superintendent being engaged, at the time, in the performance of their respective duties.

THIS was an action on the case, to recover damages for an injury sustained by the plaintiff, while in the employment of the defendants, in consequence of the gross negligence of their superintendent. The case was tried before *Fletcher*, J., who being of opinion, upon the facts stated and the evidence offered, that the action could not be maintained, reserved and reported the case for the consideration of the whole court.

It appeared in evidence, that the defendants were the proprietors of a large manufacturing establishment in West Springfield, and engaged in the manufacture of cotton goods;

that in November, 1849, when the injury complained of occurred, the plaintiff was in the employment of the defendants as a spinner; that one Jaquith was then and ever since had been the defendants' superintendent, having a general supervision and charge of their establishment, and of the manufacture there carried on ; that the treasurer of the corporation was, at that time, and continued to be, their general financial agent; that subordinate to the superintendent, in the employment of the defendants, were the overseers of rooms in the factory, who were hired and discharged by the superintendent, usually with the advice of the treasurer; that the overseers of the rooms hired and discharged the operatives employed in their respective rooms ; and that all these officers and operatives were paid for their services by the paymaster of the defendants, at their counting-room.

The plaintiff offered to introduce evidence to prove, that she received the injury for which this action was brought through the gross negligence and want of skill of the superintendent, on the occasion in question, in directing the person employed in the manufacture of the gas, with which the mill was lighted, to throw off all the weights from the gasometer, by means of which the gas was forced into the mill, where the plaintiff worked, in great quantities, extinguishing the lights, and so filling the room, where the plaintiff was, as to throw her into spasmodic fits, and occasion her a very serious and lasting injury.   And it was admitted, that the management of lighting the mill, and manufacturing gas for the purpose, was a matter under the control of the superintendent.

*H. Morris,* for the plaintiff.

*R. A. Chapman,* for the defendants.

FLETCHER, J.   This case cannot be distinguished in principle from the case of *Farwell* v. *Boston and Worcester Railroad,* 4 Met. 49 ; and the same point has been since adjudged in the case of *Hayes* v. *Western Railroad,* 3 Cush. 270.

The principle of these decisions is, that when one person engages in the service of another, he undertakes, as between him and his employer, to run all the ordinary risks of the service, and this includes the risk of negligence on the part of

others in the service of the same employer, whenever he, such servant, is acting in the discharge of his duty to his employer, who is the common employer of both. In the present case, the injury of which the plaintiff complains appears to have happened, while she was acting in the discharge of her duty to the defendants, as her employers, in their factory, and to have been occasioned by the negligence of another person, who was also engaged in the defendants' service, in the same factory.

It cannot affect the principle, that the duties of the superintendent may be different, and perhaps may be considered as of a somewhat higher character than those of the plaintiff; inasmuch as they are both the servants of the same master, have the same employer, are engaged in the accomplishment of the same general object, are acting in one common service, and derive their compensation from the same source.

The plaintiff and the superintendent must be considered as fellow-servants, within the principle and meaning of the cases above referred to, and the other adjudged cases on this subject. There is no allegation, that the superintendent was not a fit and proper person to be employed by the defendants to perform the duties assigned to him, but only that he was chargeable with negligence and unskilfulness, on the particular occasion when the plaintiff was injured in the manner described. It would have presented a very different case, if the defendants had employed an unfit and improper person, and in that way the plaintiff had been exposed to and had suffered injury.

In the decision of the case of *Farwell* v. *Boston and Worcester Railroad*, the case of *Priestly* v. *Fowler*, 3 M. & W. 1, was referred to as an authority in point. There have recently been two other English cases (*Hutchinson* v. *York, Newcastle, and Berwick Railway*, 5 W. H. & G. 343; *Wigmore* v. *Jay*, Ib. 354,) which fully sustain the doctrine and decision of *Priestly* v. *Fowler*. It is very clear, therefore, upon the adjudged cases, that this action cannot be maintained, and that judgment must be entered for the defendants.